

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00335-CR

**JOSHUA ERIC FUENTES,**

                                                      **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                      **Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2013-2310-C2

## MEMORANDUM OPINION

Joshua Eric Fuentes pled guilty to aggravated assault, enhanced, and was placed on deferred adjudication community supervision. *See* TEX. PENAL CODE ANN. § 22.02 (West 2011). When his community supervision was later revoked, Fuentes was adjudicated guilty and sentenced to 20 years in prison and a $1,000 fine.

Fuentes's appellate attorney filed an *Anders* brief in this appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel provided Fuentes with a copy of the record and informed Fuentes of his right to review the record and of

his right to submit a response on his own behalf. Fuentes did not submit his own response.

Counsel asserts in the *Anders* brief that counsel reviewed the "transcript," the sentence received by Fuentes, and the factual basis for the sentence. After the review, counsel concludes the State proved the necessary elements to be entitled to revocation of Fuentes's deferred adjudication, the court sentenced Fuentes appropriately, and there is no non-frivolous issue to raise in this appeal.

Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *See Anders*, 386 U.S. at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id*. at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

After reviewing counsel's brief and the entire record in this appeal, we determine the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

Should Fuentes wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. No substitute counsel will be appointed. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3 (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motion to withdraw from representation of Fuentes is granted, and counsel is discharged from representing Fuentes. Notwithstanding counsel's discharge, counsel must send Fuentes a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed April 19, 2017
Do not publish
[CRPM]

